**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
HOUSTON DIVISION

| | |
|---|---|
| **JUSTIN PAUL STARK,**<br>Plaintiff,<br><br>v.<br><br>**UNITED STATES PATENT AND TRADEMARK OFFICE; and DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE, in official capacity,**<br>Defendants. | **Civil Action No. ____________________**<br><br>**COMPLAINT FOR JUDICIAL REVIEW OF FINAL AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT AND FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Justin Paul Stark ("Plaintiff"), proceeding on his own behalf, alleges as follows:

## I. NATURE OF THE ACTION

1. This action seeks judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, of a final decision of the United States Patent and Trademark Office ("USPTO") dated September 30, 2026, that denied Plaintiff's petition seeking withdrawal of a restriction requirement in U.S. Patent Application No. 18/800,208.

2. The challenged final agency action resolves a single preserved question of statutory and regulatory interpretation: whether 35 U.S.C. § 121 and 37 C.F.R. § 1.142(a), both of which authorize restriction when two or more inventions are "independent and distinct", permit the USPTO to impose a restriction when the inventions are distinct but not independent.

3. Plaintiff does not ask this Court to review the USPTO's factual finding of distinctness, the asserted examination burden, classification, search fields, or any discretionary assessment that would arise after the statutory prerequisites for restriction are satisfied. Plaintiff challenges only the legal standard the USPTO used to determine the scope of its statutory authority.

4. The September 30, 2026 decision adopted the USPTO's longstanding position that the statutory phrase "independent and distinct" may be applied disjunctively as "independent or distinct", and on that basis sustained the restriction. The decision therefore presents a pure question of law appropriate for review under 5 U.S.C. § 706.

5. As a present consequence of the challenged restriction, claims 1-2 of pending Application No. 18/800,208 remain withdrawn from further examination while claims 3-20 constitute the elected invention under examination.

6. Plaintiff seeks non-monetary relief declaring the governing legal standard, holding unlawful and setting aside the September 30, 2026 final agency action, and restoring examination of claims 1-2 in Application No. 18/800,208 unless the USPTO lawfully imposes a restriction under the statutory and regulatory standard declared by the Court.

## II. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the APA and federal patent law.

8. This Court also has jurisdiction under 28 U.S.C. § 1338(a) because Plaintiff's APA challenge necessarily requires interpretation of 35 U.S.C. § 121 and 37 C.F.R. § 1.142. See *Hyatt v. U.S. Pat. & Trademark Off.*, 904 F.3d 1361, 1368-69 (Fed. Cir. 2018) ("*Hyatt* (2018)").

9. The APA provides a cause of action and waives sovereign immunity for this suit seeking relief other than money damages. 5 U.S.C. § 702. Declaratory relief is additionally authorized by 28 U.S.C. §§ 2201-2202, which Plaintiff invokes as remedial statutes and not as independent bases of subject-matter jurisdiction.

10. The September 30, 2026 decision is final agency action reviewable under 5 U.S.C. § 704 for the reasons alleged below.

11. Venue is proper in this District under 28 U.S.C. § 1391(e)(1)(C) because Plaintiff resides in the Southern District of Texas and no real property is involved in this action.

12. Plaintiff resides in Fort Bend County, Texas, within the Houston Division of this Court.

## III. PARTIES

13. Plaintiff Justin Paul Stark is the first-named inventor, sole applicant, sole assignee, and sole attorney of record for Application No. 18/800,208. Plaintiff owns the rights affected by the restriction and is the person to whom the USPTO has denied examination of the withdrawn claims in the application.

14. Defendant United States Patent and Trademark Office is an agency of the United States Department of Commerce charged with examination of patent applications and administration of the patent laws.

15. Defendant Director of the United States Patent and Trademark Office is sued solely in official capacity. The Director is the officer vested by statute and regulation with authority over USPTO patent examination and with supervisory authority over petitions challenging restriction requirements.

## IV. STATUTORY AND REGULATORY FRAMEWORK

16. The first sentence of 35 U.S.C. § 121 provides: "If two or more independent and distinct inventions are claimed in one application, the Director may require the application to be restricted to one of the inventions."

17. The operative regulation mirrors the statute. Section 1.142(a) of Title 37 provides that if "two or more independent and distinct inventions" are claimed in one application, the examiner will require election of an invention to which the claims will be restricted.

18. Section 1.142(b) provides that claims to a nonelected invention, if not canceled, are withdrawn from further consideration by the examiner, subject to reinstatement if the restriction is withdrawn or overruled.

19. Under 37 C.F.R. § 1.143, an applicant who disagrees with a restriction may request reconsideration and must provisionally elect an invention for prosecution.

20. After a restriction is made final, 37 C.F.R. § 1.144 authorizes the applicant to petition the Director to review the restriction. Section 1.144 expressly permits that petition to be filed after either final action on, or allowance of, the elected claims, but requires filing no later than appeal.

21. USPTO guidance recognizes a jurisdictional division between appealable claim rejections and petitionable matters. MPEP § 1201 identifies a restriction requirement as a matter that is petitionable and not appealable to the Patent Trial and Appeal Board ("PTAB").

22. MPEP § 1002.02 further distinguishes non-final Technology Center petition dismissals from denials by officials exercising delegated higher-level petition authority. It states that, for the listed higher-level delegated authorities, "a denial of a petition is a final agency decision", while a Technology Center dismissal is not.

## V. FACTUAL AND PROCEDURAL BACKGROUND

23. Application No. 18/800,208, titled "Systems and Methods for Filling Containers with Liners", was filed on August 12, 2024.

24. On February 13, 2026, the examiner issued a restriction requirement separating the pending claims into Group I, claims 1-2 directed to a system, and Group II, claims 3-20 directed to a method for filling.

25. The February 13 restriction expressly used the disjunctive formulation that the inventions were "independent or distinct". It found the inventions "related as process and apparatus for its practice" and nevertheless concluded that restriction was proper based on distinctness and examination burden.

26. On March 8, 2026, Plaintiff timely traversed the restriction, provisionally elected Group II, and requested reconsideration under 37 C.F.R. § 1.143, thereby preserving petition review under § 1.144.

27. To isolate a pure issue of law, Plaintiff expressly conceded the examiner's findings of distinctness and examination burden and limited the traverse to whether § 121 and § 1.142(a) permit restriction absent the statutory prerequisite of independence.

28. Plaintiff also preserved the USPTO's factual finding that the inventions were related and challenged only whether the agency could equate a distinct but related invention with an "independent and distinct" invention within the meaning of the statute and regulation.

29. On April 21, 2026, the examiner issued a non-final Office action that made the restriction final. The Office action acknowledged Plaintiff's traverse and asserted that the inventions "can stand alone" and were therefore "independent and distinct".

30. The April 21 Office action left claims 1-2 withdrawn and rejected claims 3-20 solely on nonstatutory double patenting grounds.

31. On April 22, 2026, Plaintiff filed a petition under 37 C.F.R. § 1.144 seeking Director review and withdrawal of the final restriction requirement.

32. The April 22 petition expressly narrowed the dispute to the legal question whether the USPTO may impose a restriction based on distinctness without independence. It disclaimed alternative factual, procedural, discretionary, and burden-based challenges.

33. On June 3, 2026, the Director of Technology Center 1700 dismissed the April 22 petition. Consistent with MPEP § 1002.02, that decision expressly stated: "This is not a final agency decision" and advised Plaintiff of the availability of reconsideration or higher-level review.

34. On June 4, 2026, Plaintiff timely petitioned under 37 C.F.R. § 1.181(a)(3) for supervisory review of the June 3 dismissal and renewed the preserved statutory question.

35. The June 4 petition specifically sought a definitive agency position and exhaustion of the administrative route available for review of the restriction requirement.

36. On September 30, 2026, the Acting Deputy Commissioner for Patents denied Plaintiff's supervisory petition and sustained the final restriction requirement. A true and correct copy of the September 30, 2026 Decision on Petition is attached as Exhibit A.

37. The September 30 decision squarely resolved the statutory issue. It acknowledged that § 121 uses "and" but concluded that "and" may be construed disjunctively in light of historical USPTO practice and what the agency understood to be congressional intent.

38. The September 30 decision further relied on historical USPTO materials permitting restriction between related but distinct inventions, later legislative developments, congressional silence, and a discussion in *Helferich Pat. Licensing, LLC v. N.Y. Times Co.*, 778 F.3d 1293, 1310 (Fed. Cir. 2015).

39. The September 30 decision concluded that the final restriction requirement "is in compliance with 35 U.S.C. §121" and denied Plaintiff's request to withdraw it.

40. The September 30 decision then stated: "This constitutes a final decision on the petition. No further requests for reconsideration will be entertained."

41. Immediately thereafter, the decision stated that judicial review "may be available upon entry of a final agency action adverse to the petitioner in the instant application (e.g., a final decision by the Patent Trial and Appeal Board)."

42. No administrative tribunal remains available to reconsider, reverse, or modify the September 30 decision on the restriction issue.

43. Application No. 18/800,208 remains pending. On October 21, 2026, Plaintiff timely filed a response to the April 21, 2026 Office action. Claims 1-2 remain withdrawn from examination solely because of the challenged restriction requirement.

## VI. FINAL AGENCY ACTION, REVIEWABILITY, AND RIPENESS

### A. The September 30 decision consummates USPTO decision making on the restriction

44. Under *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997), agency action is ordinarily final when it marks the consummation of the agency's decision making process and determines rights or obligations or produces legal consequences.

45. The first *Bennett* requirement is satisfied because the September 30 decision is the USPTO's last word on the restriction petition. The decision expressly declares itself final and forecloses any further reconsideration.

46. The procedural contrast within the administrative record confirms consummation. The June 3 Technology Center decision expressly said it was "not a final agency decision" and identified higher-level review. Plaintiff took that review. The resulting September 30 decision denied relief and ended the petition process.

47. MPEP § 1002.02 likewise characterizes denials under the pertinent delegated higher-level authority as final agency decisions and distinguishes them from Technology Center dismissals.

**B. The restriction presently produces legal consequences**

48. The second *Bennett* requirement is satisfied because the restriction has an immediate legal and procedural consequence established by 37 C.F.R. § 1.142(b): claims 1-2 are withdrawn from further consideration by the examiner unless the restriction is withdrawn or overruled.

49. Plaintiff therefore is not challenging a tentative recommendation. The final agency decision presently controls which claims the USPTO will examine in pending Application No. 18/800,208.

50. That present exclusion of claims 1-2 from examination constitutes a concrete and continuing injury traceable to the challenged agency action and redressable by an order setting aside the decision and restriction.

**C. No PTAB proceeding can review the restriction**

51. A restriction requirement is not appealable to the PTAB. Under 35 U.S.C. § 134(a) and 37 C.F.R. § 41.31(a)(1), an applicant may appeal to the PTAB from an examiner's rejection of claims that have been twice rejected. Claims 1-2 have not been rejected; they have been withdrawn from examination by the restriction requirement. A restriction requirement is a requirement, not a rejection, and therefore does not create a statutory right of appeal to the PTAB. MPEP § 1201 likewise identifies restriction as petitionable, not appealable.

52. The United States Court of Customs and Patent Appeals ("CCPA"), one of the predecessor courts to the United States Court of Appeals for the Federal Circuit ("Federal Circuit"), held the same in *In re Hengehold*, 440 F.2d 1395, 1403-04 (C.C.P.A. 1971), explaining that claims withdrawn by restriction have been denied examination rather than rejected and that the Board lacks jurisdiction to review the propriety of the restriction requirement per se. *Id*. at 1403-04.

53. *Hengehold* further explained that, after administrative petition review, an action under 5 U.S.C. §§ 701-706 "would appear appropriate" to obtain judicial review of the restriction decision. *Id*. at 1404.

54. Accordingly, the reference in the September 30 decision to a possible future PTAB decision cannot identify a remaining administrative forum for the restriction issue. The PTAB cannot affirm, reverse, modify, or reconsider the restriction, and a PTAB decision on an unrelated claim rejection would not further exhaust or complete the USPTO's decision making on the restriction.

55. Nor is a PTAB proceeding certain to exist. If the elected claims are allowed, there may be no rejected claim to appeal. Section 1.144 itself expressly contemplates petition practice after allowance as well as after final action, confirming that a PTAB merits appeal cannot be a categorical prerequisite to judicial review of a restriction decision.

**D. No other adequate remedy in a court exists**

56. The statutory routes in 35 U.S.C. §§ 141(a) and 145 provide judicial review of final PTAB decisions concerning rejected claims. They do not provide review of a restriction requirement that the PTAB has no jurisdiction to decide.

57. The Federal Circuit held that the Director's denial of a petition for rulemaking was not a PTAB decision or an appeal from an examiner's rejection and therefore fell outside the exclusive review path created by §§ 141(a) and 145. *Hyatt* (2018), 904 F.3d at 1369.

58. The Federal Circuit has also reviewed on the merits an APA civil action challenging a USPTO restriction requirement while the underlying patent application remained pending. *Hyatt v. U.S. Pat. & Trademark Off.*, 48 F.4th 1347, 1349-50 (Fed. Cir. 2022) ("*Hyatt* (2022)").

59. Plaintiff therefore has no other adequate remedy in a court for the final restriction decision, satisfying 5 U.S.C. § 704.

**E. The dispute is fit for judicial review now**

60. The dispute is purely legal. Plaintiff deliberately waived factual challenges to distinctness and examination burden during the administrative process, and the September 30 decision reached the statutory interpretation issue on the merits.

61. No additional factual development is needed to decide whether the phrase "independent and distinct" in § 121 and § 1.142(a) authorizes a restriction based on distinctness without independence.

62. Delaying review would not make the restriction issue more administratively complete. The agency process with jurisdiction over that issue is already complete, while claims 1-2 remain withdrawn from examination.

63. Termination of the original application, issuance, abandonment, or filing a separate divisional could materially alter the relief available concerning examination of claims 1-2 in the original pending application. Continued pendency therefore preserves, rather than defeats, the concrete controversy over the presently operative restriction.

**F. The challenge is not committed to agency discretion by law**

64. Plaintiff does not challenge the Director's discretionary choice whether to require restriction after the statutory predicate is met. Plaintiff challenges the antecedent question of law defining when Congress authorized that discretion to exist.

65. Section 121 and § 1.142(a) provide judicially manageable statutory and regulatory text against which the agency's legal interpretation can be measured. Section 706 expressly directs reviewing courts to decide relevant questions of law and interpret statutory provisions.

## VII. THE STATUTORY QUESTION

66. Section 121 uses an express conditional structure. Only "[i]f two or more independent and distinct inventions are claimed in one application" does the statute provide that the Director "may" require restriction.

67. The word "may" makes the decision discretionary after the statutory condition is satisfied; it does not eliminate or expand the condition that precedes it.

68. The ordinary grammatical function of "and" is conjunctive. The regulation adopted by the USPTO itself repeats the same conjunctive phrase, "independent and distinct".

69. The USPTO nevertheless applies a disjunctive rule under which either independence or distinctness suffices. The September 30 decision expressly defended that construction and sustained the restriction on that basis.

70. Under the USPTO's own terminology, "independent" means not dependent or unrelated, while related inventions may still be distinct. If distinctness alone is sufficient, the statutory word "independent" performs no limiting work in determining whether restriction authority exists.

71. The statutory drafting history preserved in the administrative record reinforces the enacted text. A January 10, 1950 proposed revision, § 36, used the phrase "independent or distinct". H.R. 9133, introduced July 17, 1950, likewise used "independent or distinct".

72. By April 18, 1951, H.R. 3760, § 121, used "independent and distinct". The enacted 1952 legislation retained the conjunctive formulation.

73. The 1952 revision note stated that § 121 enacted existing division practice while "introducing a number of changes". Plaintiff contends that the deliberate replacement of the previously proposed disjunctive text with the enacted conjunctive text must be given effect.

74. The September 30 decision instead treated longstanding agency practice and perceived legislative acquiescence as sufficient to preserve the disjunctive standard. Under 5 U.S.C. § 706, however, the Court independently determines the meaning of the statute. See *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412-13 (2024).

75. *Helferich*, cited by the September 30 decision, did not adjudicate a direct APA challenge to the legality of the USPTO's disjunctive construction of § 121. The case addressed patent exhaustion and, in discussing restriction history, summarized the MPEP practice. *Helferich*, 778 F.3d at 1310.

## VIII. CLAIMS FOR RELIEF

### COUNT I - APA: FINAL AGENCY ACTION NOT IN ACCORDANCE WITH LAW (5 U.S.C. § 706(2)(A))

76. Plaintiff incorporates paragraphs 1 through 75 as though fully set forth here.

77. The September 30, 2026 decision is final agency action within the meaning of 5 U.S.C. § 704.

78. Section 121 conditions the Director's authority to require restriction on the presence of two or more inventions that are both "independent and distinct".

79. Section 1.142(a) repeats that same conjunctive prerequisite.

80. The September 30 decision sustained a restriction under a legal standard that permits restriction where inventions are distinct even if they are related and not independent.

81. By replacing the enacted conjunctive condition with a disjunctive standard, Defendants acted "not in accordance with law" within the meaning of 5 U.S.C. § 706(2)(A).

**COUNT II - APA: ACTION IN EXCESS OF STATUTORY JURISDICTION, AUTHORITY, OR LIMITATIONS (5 U.S.C. § 706(2)(C))**

82. Plaintiff incorporates paragraphs 1 through 81 as though fully set forth here.

83. The Director's discretion under § 121 exists only after the statutory condition authorizing restriction has been satisfied.

84. An agency cannot enlarge its statutory authority through an internal manual or longstanding administrative practice inconsistent with the governing statute and regulation.

85. To the extent Defendants assert authority to require restriction based on distinctness alone, without satisfying the statutory prerequisite of independence, the September 30 decision and the restriction it sustains are "in excess of statutory jurisdiction, authority, or limitations" within the meaning of 5 U.S.C. § 706(2)(C).

**COUNT III - APA: ACTION CONTRARY TO BINDING REGULATION (5 U.S.C. § 706(2)(A))**

86. Plaintiff incorporates paragraphs 1 through 85 as though fully set forth here.

87. The USPTO promulgated 37 C.F.R. § 1.142(a), which states the prerequisite for restriction in the conjunctive: "independent and distinct inventions".

88. The September 30 decision sustains an agency practice that applies that promulgated regulation as though it said "independent or distinct".

89. Because the challenged final agency action is inconsistent with the governing regulation as written, it is unlawful under 5 U.S.C. § 706(2)(A).

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and:

A. Declare that the September 30, 2026 decision is final agency action reviewable under 5 U.S.C. § 704;

B. Declare that 35 U.S.C. § 121 and 37 C.F.R. § 1.142(a) require the claimed inventions to be both independent and distinct before the Director may impose a restriction requirement;

C. Hold unlawful and set aside the September 30, 2026 final agency action under 5 U.S.C. § 706(2)(A) and (C);

D. Hold unlawful and set aside the final restriction requirement in U.S. Patent Application No. 18/800,208 to the extent it rests on a legal standard permitting restriction based on distinctness without independence;

E. Remand the matter to the USPTO for proceedings consistent with the Court's construction of 35 U.S.C. § 121 and 37 C.F.R. § 1.142(a);

F. Order the Director, and successors in office, to restore claims 1-2 to examination in Application No. 18/800,208 unless the USPTO lawfully imposes a restriction under the statutory and regulatory standard declared by the Court;

G. Enjoin Defendants from enforcing against Application No. 18/800,208 a restriction based solely on distinctness absent satisfaction of the statutory prerequisite of independence;

H. Award Plaintiff his taxable costs, and any fees and other expenses recoverable under the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable law; and

I. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Justin Paul Stark
**JUSTIN PAUL STARK**
Plaintiff, *pro se*
Attorney-in-Charge
Texas Bar No. 24113644
S.D. Tex. Bar No. 3421193
12306 Doe Meadow Dr
Stafford, TX 77477-2294
Telephone: (215) 550-1717
Email: JustinPaulStark@gmail.com
Dated: October 21, 2026

**CERTIFICATE REGARDING SERVICE**

I certify that service under Fed. R. Civ. P. 5 is not required for this original Complaint. Plaintiff will serve the summonses and Complaint, including Exhibit A, pursuant to Fed. R. Civ. P. 4 after issuance of summonses by the Clerk.

/s/ Justin Paul Stark
Justin Paul Stark